# Supreme Court of Pennsylvania.

## NORTHERN DISTRICT.

---

## STATE BANK *v.* SCHRECK.

Fraud in procuring a signature to a negotiable note is no defence against one who purchased the note before maturity in the course of business.

**Error to the Court of Common Pleas of Union County.**

This was an action brought in the court of common pleas, of Union county, by the State bank against John Schreck, on the following note :

$400.00

WHITE DEER TOWNSHIP, *March* 25, 1870.

On or before the first day of July, 1870, for value received, the subscriber of New Columbia, P. O., White Deer township, Union county, state of Pennsylvania, promises to pay to J. J. Wilhelm & Co., or bearer, four hundred dollars, without defalcation, at First National Bank of Lewisburg, with use.

JOHN SCHRECK,

Endorsed, H. A. STURGEON, *Cashier.*

On the trial in the court below before Judge Elwell, it having been proved that the note in suit was *purchased* by the bank before maturity for fifty cents on the dollar, without any agreement or condition as to its title, the defendant then offered to prove that the note was procured by a fraud upon him, that he was led to believe by the payee that the paper he signed was an agreement, constituting him an agent for the sale of hay forks, and not a note, that he never received any value for it, that the plaintiff was an incorporated bank, and by discounting the note at 50 per cent. of its face, could not and did not acquire any title to it, and is not a *bona fide* holder.

On objection by the plaintiff the court rejected this evidence, assigning the following reasons :

1. By the 2d section of the act of incorporation, this bank is expressly authorized to purchase negotiable promissory notes. The act of making such a purchase is therefore in the usual course of business.

2. The sale and delivery of the note by the payee to the bank and the payment of the money therefor by the bank, was a completely executed contract, by which the title to the note passed—the maker was no party to that contract, and is in no situation to raise any question as to the amount paid.

3. The purchaser of the note for half its par value does not tend to prove that the bank is not a *bona fide* holder. In the absence of other evidence proving notice to the plaintiff of the fraud alleged, testimony of its existence is not admissible.

4. I am of the opinion that as the State bank is not a bank of issue and has authority to receive deposits, paying therefor such rate of interest as may be agreed upon with depositors, and to transact its financial business as a natural person and having express authority to purchase negotiable notes, its purchase in this instance was not a violation of its charter.

The defendant then rested and the court directed a verdict for the plaintiff.

On a writ of error to the supreme court, assigning the rejection of the evidence offered by the defendant, and directing a verdict for the plaintiff in error, the supreme court after full argument sustained all the rulings of Judge Elwell in the court below, and the judgment was affirmed, *per curiam*, without filing an opinion.